The opinion of the Court was delivered by
Johnson, J.
The finding of the grand jury is an expression of their conviction as to the truth of the charge contained *in the indictment, and it is only necessary that it should be done in such a manner as to prevent misconstruction or perversion. It has long been a custom in this State, for the foreman of a grand jury to sign their finding, and perhaps it would still be advisable to adhere to it. But I concur in the opinion that its being in writing, and having been publicly announced by the clerk, as is invariably the case, in the presence of the grand jury, is a sufficient guard against misconstruction or perversion ; and as there is no positive law requiring it, that it is not essentially necessary to its validity that it should be signed by the foreman.
On the argument of the case here, another ground has been insisted on in arrest of judgment, as relates to the defendant, Robert Bell, arising out of the nature of the finding of the grand jury, which is in these words: “We find Robert Bell guilty of a riot, Wm. Bell, sen., guilty of a riot and an assault, and a true bill against Edward Creighton.” The finding as to Robert Bell, it is contended, is only a partial finding as to the entire count for a riot and assault, and is therefore void.
“It seems,” says Sergt. Hawkins, 300, “to be generally agreed, that a grand jury must either find billa vera or ignoramus, for the whole; and if they take upon themselves to find specially or conditionally, or to be true for part and not for the rest, the whole is void, and the party cannot be tried upon it, but must be indicted anew.” This, however, does not relate to different counts in the same indictment, but different parts of the same count, in which is included two distinct offences; 2 Haw. P. C., 300, tit. Indictment, see. 2. The only question, then, is, whether the finding relates to the entire count for a riot and assault, or whether it is only a partial finding of that count. A riot is a tumultuous disturbance of the peace by three persons or more, assembled together, of their own accord, with an intent mutually to assist each other against any who shall oppose them in the execution of an enterprise of a private nature, and afterwards actually execute the same in a ^violent and turbulent manner, to the terror of the people, &c. 1 Haw. P. C., 293, tit. Riot, &c., see. 1.
The consummation of the offence consists in the execution of the enterprise ; and it follows of necessity, that the nature of the enterprise must be stated in the indictment, and that before a party can be put upon his trial, the grand jury must find billa vera, not only as to the offence itself, but as to the act charged, as indispensably necessary to its completion ; because the party might have been guilty of a riot in the execution of an enterprise of a different nature from that charged in the indictment. Now if the grand jury had, in this case, found billa vera, as to this defendant, with reference to the count for a riot, it would have been sufficient; because the count would then have constituted a part of the finding, but they have found it, (in the language of the finding itself,) “guilty of a riot.” It is true, that this maybe construed to mean a a finding as to the enterprise laid in the indictment; but it is equally *156 true that it may have relation to any other enterprise, the execution of which would constitute a riot, and is therefore too vague and uncertain to put the party on his trial. In other words, it is not an express finding on the charge contained in the indictment, and therefore void according to the rule laid down. Indeed the whole finding in this case, except as relates to Creighton, is a departure from the usual manner; and I think it would be advisable always to instruct the grand jury either to find billa vera, or ignoramus, and nothing more; because, whenever they attempt to find specially, it is liable to misconstruction or perversion, which, if possible, ought to be avoided.
Ctarke, Solicitor, for the motion.' Buchanan, contra.
I am therefore of opinion, that the motion ought to be refused, so far as relates to Robert Bell, but granted, as relates to Edward Creighton.
Colcock, Nott, Cheves and Gantt, JJ., concurred.